### GRANVILLE WILCOXSON v. THE STATE.

No. 10340.    Delivered June 23, 1926.

Rehearing denied October 20, 1926.

**1.—Manufacture of Intoxicating Liquor—Misconduct of Jury—Not Shown.**

Where appellant complains of the misconduct of the jury and the record discloses that the evidence of such misconduct is conflicting, the trial court having decided against appellant's contention, we will not disturb his findings. It must be clearly shown that the trial court abused his discretion in refusing to grant a new trial, to warrant a reversal of the case.

### ON REHEARING.

**2.—Same—No Error Presented.**

On appellant's motion for a rehearing, after a careful examination of the record, we are of the opinion that the motion should be overruled, and it is so ordered.

Appeal from the District Court of Collin County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of a still for the manufacture of intoxicating liquor and the punishment is one year in the penitentiary.

There is no statement of facts on file in this court. The only bill of exceptions that could manifest error in the absence of a statement of facts is the one pertaining to the alleged misconduct of the jury. The substance of this misconduct is to the effect that after the jury retired to consider their verdict, the jurors, Hamor and Wilson, stood for an acquittal while the other ten jurors stood for a conviction and that certain of the jurors who were for conviction said things to the juror, Hamor, which were calculated to and did intimidate him into rendering a verdict of guilty. We have very carefully examined the testimony that was introduced on this question before the trial court while considering the motion for a new trial and have reached the conclusion, first, that Hamor's testimony itself is hardly sufficient to show any improper conduct on the part of any other juror toward him; and, second, we think it is entirely sufficient to show that there was such conflict between the testimony of Hamor and the other jurors who testified on the motion as to make it clear that the trial court did not abuse his discretion in refusing to grant a new trial.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — We have re-examined the record in the light of the appellant's motion for rehearing and are of the opinion that the motion should be overruled. It is so ordered.

*Overruled.*